**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

v.                                      Case No. 6:14-cr-129-Orl-37TBS

KESNER JOLY,
_____

**ORDER**

This cause is before the Court on the following:

1. Defendant Kesner Joly's Motion to Enforce Plea Agreement (Doc. 51), filed November 16, 2015;

2. United States' Response in Opposition to Defendant's Motion to Enforce Plea Agreement (Doc. 53), filed December 15, 2015; and

3. Movant's Reply to United States['] Response in Opposition (Doc. 57), filed December 28, 2015.

Upon consideration, the Court finds that the Motion is due to be denied.

**BACKGROUND**

On June 18, 2014, the Government returned an amended indictment charging Defendant Kesner Joly ("**Defendant**") with: (1) one count of knowingly and willfully combining, conspiring, confederating, and agreeing with other persons to distribute and possess, with intent to distribute, five kilograms or more of cocaine (Count One); and (2) two counts of knowingly distributing and possessing, with intent to distribute, 500 grams or more of cocaine (Counts Two and Three). (Doc. 28 ("**Indictment**").) Defendant subsequently entered into a plea agreement with the Government, whereby Defendant agreed to plead guilty to Count One in exchange for the dismissal of Counts

Two and Three ("**Plea Agreement**"). (Doc. 36, pp. 1, 3.) Additionally, paragraph 10 of the Plea Agreement required the Government to make a determination as to whether any cooperation by Defendant constituted "substantial assistance" warranting the Government's recommendation of a reduced sentence ("**Cooperation Provision**"). (*Id.* at 5–6.)

Consistent with the terms of the Plea Agreement, Defendant appeared before the Court on September 3, 2014, and pled guilty to Count One of the Indictment. (*See* Doc. 37.) Upon finding that Defendant's plea comported with all legal prerequisites, the Court accepted Defendant's guilty plea. (*See id.*) The Court later sentenced to Defendant to a term of 120 months' imprisonment. (Docs. 47, 48.)

Proceeding *pro se*, Defendant now moves to enforce his Plea Agreement. (Doc. 51 ("**Motion**").) Specifically, Defendant seeks to compel specific performance of "the [G]overnment's obligation to exercise in good faith its discretion to move to reduce [his] sentence in accordance with the provisions set forth within the Plea Agreement." (*Id.* at 1.) The Government responded to the Motion (Doc. 53), and Defendant replied (Doc. 57).[1] The matter is now ripe for the Court's adjudication.

## STANDARDS

Pursuant to § 5K1.1 of the U.S. Sentencing Guidelines Manual, at sentencing, the Court may depart from the relevant guideline sentence upon motion by the Government stating that a defendant has provided substantial assistance in the investigation or prosecution of another person. Additionally, Federal Rule of Criminal Procedure 35(b)(1)

---

[1] As an initial matter, Defendant's reply is unauthorized and due to be stricken. *See* Local Rule 3.01(c) ("No party shall file any reply or further memorandum directed to [a] motion or response . . . unless the Court grants leave.").

authorizes courts to reduce a defendant's sentence upon similar motion by the Government made within one year of the defendant's sentencing. Fed. R. Crim. P. 35(b)(1). The Government has the "power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). Such decision is discretionary. *See United States v. Forney*, 9 F.3d 1492, 1504 (11th Cir. 1993).

Notwithstanding the Government's discretion, "federal district courts have authority to review a prosecutor's refusal to file a substantial–assistance motion and to grant a remedy *if* they find that the refusal was based on an unconstitutional motive," such as the defendant's race or religion. *Wade*, 504 U.S. at 185–86 (emphasis added). A defendant, however, is not entitled to a remedy or an evidentiary hearing by merely claiming that he provided substantial assistance. *Id.* at 186. Because "courts are precluded from intruding into prosecutorial discretion," *Forney*, 9 F.3d at 1501, "judicial review is appropriate only 'when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial–assistance motion because of a constitutionally impermissible motivation,'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Forney*, 9 F.3d at 1502).

## DISCUSSION

The Cooperation Provision provides, in relevant part, that:

> If [Defendant's] cooperation is completed prior to sentencing, the [G]overnment agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory

3

> minimum . . ., or (3) both. If [Defendant's] cooperation is completed subsequent to sentencing, the [G]overnment agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).

(Doc. 36, pp. 5–6.)

In the instant Motion, Defendant argues that the Government breached the Plea Agreement by: (1) failing to determine, without reason, whether Defendant provided substantial assistance sufficient to warrant a 5K1.1 motion under the Cooperation Provision; and (2) failing to notify the relevant authorities of the extent and nature of his cooperation pursuant to paragraph 12 of the Plea Agreement. (*See* Doc. 51, pp. 7–11.) The Government counters that it considered whether to file a 5K1.1 motion at sentencing and determined that it would not. (*See* Doc. 53, pp. 9–10.) In support of its position, the Government points to inconsistencies between incriminating statements that Defendant made to federal agents before and after his Indictment. (Doc. 53 at 3–4.) These inconsistencies, together with other evidence, led the Government to believe that Defendant had not been completely truthful in his cooperation. (*Id.*) The Government represents that Defendant has not otherwise provided the Government with any information warranting a substantial–assistance motion. (*Id.* at 10.) The Court is persuaded by the Government's response.

In light of the unambiguous language of the Cooperation Provision, the Government's arguments, and the absence of any claims or showing of an unconstitutional motive on the part of the Government, the Court finds that it lacks

jurisdiction to entertain Defendant's Motion.[2] *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (limiting review of the Government's refusal to file substantial–assistance motions to claims of unconstitutional motive). Consequently, Defendant's Motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Clerk is **DIRECTED** to **STRIKE** Movant's Reply to United States['] Response in Opposition (Doc. 57) as unauthorized.

2. Defendant Kesner Joly's Motion to Enforce Plea Agreement (Doc. 51) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 25, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[2] In an abundance of caution, the Court reviewed Defendant's unauthorized reply (Doc. 57) for any allegation that the Government exercised an unconstitutional motive in declining to file a substantial–assistance motion. Seeing none, the Court is satisfied that it is without jurisdiction to reach the merits of Defendant's Motion.