UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KESNER JOLY,

    Petitioner,

v.                                                          CASE NO. 6:15-cv-1940-Orl-37TBS
                                                                      (6:14-cr-129-Orl-37TBS)

UNITED STATES OF AMERICA,

    Respondent.
_____

## **ORDER**

THIS CAUSE is before the Court on Petitioner Kesner Joly's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) pursuant to 28 U.S.C. § 2255. Respondent filed a Response to the Motion to Vacate ("Response," Doc. 5) in compliance with this Court's instruction. Petitioner filed an Amended Reply to the Response ("Amended Reply," Doc. 8). On April 28, 2017, the Court held an evidentiary hearing on ground two. *See* Doc. 24.

Petitioner asserts three grounds in his Motion to Vacate. For the following reasons, the Motion to Vacate is denied.

### I. PROCEDURAL HISTORY

Petitioner was charged by Amended Indictment with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (Count One) and two counts of distribution and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (Counts Two

and Three). (Criminal Case No. 6:14-cr-129-Orl-37TBS, Doc. 28).[1] Pursuant to a plea agreement, Petitioner pled guilty to Count One. (Criminal Case, Doc. 36). The Court sentenced Petitioner to a mandatory minimum 120-month term of imprisonment. (Criminal Case, Doc. 48). The Government dismissed Counts Two and Three. *Id*. Petitioner did not appeal his conviction or sentence.

## II. LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

---

[1]Criminal Case No. 6:14-cr-129-Orl-37TBS will be referred to as "Criminal Case."

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.  ANALYSIS

#### A.  Ground One

Petitioner asserts counsel rendered ineffective assistance by failing to present evidence to support application of the safety valve. (Doc. 1 at 4). In support of this ground, Petitioner complains that counsel failed to present evidence to show that he cooperated with the Government and was truthful in his proffers. (Doc. 1-1 at 3-6).

The Court concludes that ground one is speculative. Petitioner has not demonstrated that evidence existed demonstrating he qualified for application of the safety valve. *See Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that vague, conclusory, or speculative allegations cannot support claim of ineffective assistance of counsel). Petitioner has not offered any evidence to support this ground. Petitioner does not indicate what testimony or other evidence counsel could have provided to show that Petitioner was truthful in his proffers regarding the

offenses. As noted by Petitioner, the Government maintained at sentencing that Petitioner had not been honest in his proffers based on conflicting statements received from co-conspirator Lapointe. *See* Doc. 1-1 at 5; *see also* Criminal Case, Doc. 55 at 10-14.

Moreover, the Government had Drug Enforcement Administration ("DEA") agents present at sentencing to testify regarding Petitioner's proffers. (Criminal Case, Doc. 55 at 2, 13). Defense counsel knew that these witnesses were present and were prepared to testify that Petitioner had failed to make a complete disclosure. (*Id*. at 2, 13-15). Defense counsel further knew that Petitioner bore the burden of proving that the safety valve was warranted. (*Id.* at 13-15). Defense counsel, therefore, clearly made a strategic decision not to present evidence in relation to the safety valve but instead to simply argue why Petitioner was entitled to the safety valve. Petitioner has not demonstrated that counsels' decision was unreasonable. Consequently, Petitioner has not established either deficient performance or prejudice. Accordingly, ground one is denied.

**B.    Ground Two**

Petitioner asserts counsel rendered ineffective assistance by failing to appeal after Petitioner directed counsel to do so. (Doc. 1-1 at 7-8). According to Petitioner, he wanted counsel to appeal his sentence because the Court denied application of the safety valve. (*Id*.).

It is well-settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). In such a case, prejudice is presumed, and the petitioner is entitled to a new appeal without showing that his appeal would likely have merit. *See id.* at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant

is entitled to [a new] appeal without showing that his appeal would likely have had merit.").

At the evidentiary hearing, Petitioner testified that when the sentencing hearing concluded, he told counsel to file an appeal. Petitioner stated that counsel told him he could not appeal because of the plea agreement, to which Petitioner responded he wanted them to file an appeal anyway. Petitioner acknowledged that the plea agreement contained an appeal waiver provision. Petitioner testified he wanted to appeal the Court's denial of application of the safety valve.

Petitioner, who was sentenced in December 2014, admitted he did not contact his attorneys after sentencing until April 2015, when he wrote them two letters requesting copies of his sentencing transcript and other documents. Petitioner maintained that he believed counsel would file an appeal based on his request. Nevertheless, Petitioner did not mention an appeal in either of the letters he sent counsel.

In contrast, Rick and David Jancha, experienced criminal attorneys, testified that Petitioner did not ask them to file an appeal after he was sentenced. They said they reviewed the appeal waiver provision of the plea agreement with Petitioner prior to the sentencing hearing and told him that this provision would likely preclude an appeal of the denial of the safety valve. Rick and David Jancha testified that their employment contract did not include an appeal and they told Petitioner this at their initial meeting. However, they said that had Petitioner requested an appeal, they would have filed a notice of appeal and moved to withdraw and to appoint counsel.

Assessing the credibility of witnesses is reserved for the Court. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). "'[T]o adequately determine the credibility of a witness . . . the fact finder must observe the witness.'" *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010) (quoting *Louis v. Blackburn,* 630 F.2d 1105, 1110 (5th Cir.

1980)). "A proper credibility determination. . . includes [consideration of] 'the internal consistency of the [witness's] testimony, or his candor or demeanor on the stand.'" *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quoting *Gallego v. United States,* 174 F.3d 1196, 1198 (11th Cir. 1999)).

After carefully considering the evidence and viewing the witnesses and their demeanor while testifying, the Court finds the testimony of Rick and David Jancha to be more credible than the testimony of Petitioner. In making this determination, the Court notes Petitioner testified that he did not understand the plea agreement because it was not explained to him in Creole. Petitioner, however, told the Court at the plea hearing that he understood everything in the plea agreement and that it was explained to him in a language he understood. (Criminal Case, Doc. 54 at 5-6). Furthermore, Rick and David Jancha's testimony that Petitioner did not ask them to file an appeal is corroborated by the fact that Petitioner did not mention an appeal in either of the letters he wrote to counsel approximately four months after his sentencing. Had Petitioner in fact requested counsel to file an appeal, logically, he would have questioned them about the status of the appeal in his first communication with them after sentencing.

Given the evidence presented, the Court concludes Petitioner did not request that counsel file an appeal. Consequently, Petitioner has not established that counsel provided deficient performance or that prejudice resulted. Accordingly, ground two is denied.

### C.     Ground Three

Petitioner contends counsel rendered ineffective assistance by failing to request a two-level reduction in anticipation of the amendment of the Drug Quantity Table of the Sentencing Guidelines. (Doc. 1-1 at 9).

As noted at sentencing, Petitioner in fact received a two level reduction in accordance with

the amended Drug Quantity Table. (Criminal Case, Doc. 55 at 16-18). Petitioner, however, was subject to a minimum mandatory sentence of ten years. Therefore, counsel was not deficient for failing to request a two-level reduction, nor did prejudice result. Accordingly, ground three is denied pursuant to *Strickland*.

Any of Petitioner's allegations that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:14-cr-129-Orl-37TBS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case, Doc. 50) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of May, 2017.

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).



Copies to:
Counsel of Record